1  JOHN K. FLOCK ESQ. (SBN 200183)
2  THARPE & HOWELL, LLP
   15250 Ventura Blvd., Ninth Floor
3  Sherman Oaks, California 91403
   (818) 205-9955; (818) 205-9944 fax
   Email: jflock@tharpe-howell.com
4
5  Attorneys for Defendant,
   COSTCO WHOLESALE CORPORATION
6
7
8             **UNITED STATES DISTRICT COURT**
9             **CENTRAL DISTRICT OF CALIFORNIA**
10
11 PAULINE GASCA                          Case No.
12            Plaintiff,
                                          **NOTICE OF REMOVAL OF**
13 v.                                     **ACTION UNDER 28 U.S.C. § 1441(b)**
                                          **(DIVERSITY)**
14 COSTCO WHOLESALE
   CORPORATION, and DOES 1 to 20,
15
            Defendants.
16
17
18
19        TO THE CLERK OF THE ABOVE-ENTILTED COURT:
20        PLEASE TAKE NOTICE THAT Defendant, Costco Wholesale Corporation
21 ("Defendant") hereby removes this action from the Superior Court of the State of
22 California, County of Los Angeles to the United States District Court for the Central
23 District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and sets forth in
24 support of its Notice of Removal of Action the following:
25        **Complete Diversity Exists**
26        1.    This Notice of Removal is based in part, upon 28 U.S.C. § 1441(a) that
27 states: "any civil action brought in a State court of which the district courts of the
28 United States have original jurisdiction, may be removed by the defendant or the

- 1 -

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1   defendants, to the district court of the United States for the district and division

2   embracing the place where such action is pending."

3       2.      District courts have original have original jurisdiction of all civil actions

4   where the matter in controversy exceeds the sum or value of $75,000, exclusive of

5   interest and costs, and is between citizens of different States.  28 U.S.C. § 1332(a)(1).

6       3.      Plaintiff, Pauline Gasca is a citizen of the state of California.

7       4.      Defendant, Costco Wholesale Corporation was, at the time of the filing

8   of this action, and still is, a citizen of the state of Washington.   Defendant is a

9   Washington corporation with its headquarters and principal place of business in the

10  state of Washington.

11      5.      Therefore, diversity of citizenship exists for purposes of removal of the

12  state court action to this district court.

13  **<u>Amount in Controversy Exceeds $75,000</u>**

14      6.      Plaintiff's Complaint alleges two causes of action for negligence and

15  premises liability against Defendant.  (*See* Plaintiff's Complaint, Case No.

16  22STCV26383, Superior Court of California, County of Los Angeles, page 1, attached

17  as Exhibit A.)

18      7.      On August 14, 2020, Plaintiff alleges that she slipped and fell while

19  visiting Defendant's store located at 2000 Market Place Drive, City of Monterey Park,

20  California and sustained personal injuries.  Plaintiff alleges Defendant negligently and

21  carelessly owned, operated, managed, and supervised the property so as to allow a

22  dangerous condition to exist that resulted in Plaintiff's alleged injuries. (*See* Plaintiff's

23  Complaint, Case No. 22STCV26383, Superior Court of California, County of Los

24  Angeles, page 4, attached as Exhibit A.)

25      8.      Plaintiff alleges she has suffered general damages, medical and incidental

26  expenses, other special and incidental damages, loss of earnings, and loss of earning

27  capacity. (*See* Plaintiffs' Complaint, Case No. 22STCV26383, Superior Court of

28  California, County of Los Angeles, pages 7, attached as Exhibit A.)

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

9.      On September 14, 2021, Plaintiff's counsel served Defendant with a Demand Letter in which he explained that Plaintiff had sustained significant bodily injuries, discussed her medical care, itemized her damages, produced her medical records, and made a demand in the amount of **$190,000.00**.  (*See* Plaintiff's Demand Letter dated September 14, 2021 without exhibits, attached as Exhibit B.)

10.      The 30-day removal period starts to run only upon defendant's receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is … removable."  28 USC § 1446(b)(3).  A demand letter qualified as an "other paper."  Huffman v. Saul Holdings Ltd. Partnership (10th Cir. 1999) 194 F3d 1072.  A settlement demand is relevant evidence of the amount in controversy "if it appears to reflect a reasonable estimate of the plaintiff's claim." Cohn v. Petsmart, Inc. (9th Cir. 2002) 281 F3d 837, 840; Lowery v. Alabama Power Co. (11th Cir. 2007) 483 F3d 1184, 1213, fn. 62.

11.      Therefore, Plaintiff alleges damages that far exceed the minimum amount in controversy requirements for purposes of removal of the state court action to this district court.

**Notice of Removal Is Timely**

12.      On August 15, 2022, Plaintiff filed this action in the Superior Court of the State of California, County of Los Angeles, as case no. 22STCV26383. (*See* Plaintiff's Complaint attached hereto as Exhibit A.)

13.      On August 26, 2022, Plaintiff served the Summons and Complaint on Defendant.

14.      This Notice of Removal is being filed within thirty (30) days after Defendant received Plaintiff's initial pleading.  28 U.S.C. § 1446(b).

**Other Requirements for Removal Are Met**

15.      Removal of this lawsuit to the United States District Court for the Central District of California, Western Division is proper as the Superior Court of the State of

California, County of Los Angeles, where the action was originally filed, is located in this district.

16.     Defendant is simultaneously filing a Notice of Removal to Federal Court with the Superior Court of the State of California, County of Los Angeles, and it has given notice and served this pleading on Plaintiff.  (A true and correct copy of the Notice of Removal to Federal Court filed with the Superior Court is attached hereto as Exhibit C.)

**<u>Demand for Jury Trial</u>**

17.     Separate and apart from removal requirements, counsel for Defendant demands a jury trial.


Dated:  September 2, 2022                  THARPE & HOWELL, LLP


By: _____
          JOHN K. FLOCK
          Attorneys for Defendant,
          COSTCO WHOLESALE
          CORPORATION

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 08/15/2022 04:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk
22STCV26383

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Michael Whitaker

BAUMAN LAW, APLC
Shaun Joseph Bauman, Esq. (SBN 277067)
BAUMAN LAW APLC
24003A Ventura Boulevard, 2nd Floor
Calabasas, California 91302

Tel: (818) 285-0222
Fax: (818) 285-0224

Attorneys for Plaintiff PAULINE GASCA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE

| | |
|---|---|
| PAULINE GASCA, | Case No.: 22STCV26383 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | **1. NEGLIGENCE**<br>**2. PREMISES LIABILITY** |
| COSTCO WHOLESALE CORPORATION, and DOES 1 to 20, | |
| Defendant(s). | |

COMES NOW, Plaintiff PAULINE GASCA, for all causes of action as against all Defendants, hereby alleges as follows upon information and belief:

## GENERAL ALLEGATIONS

1. This is an action for personal injury arising out of an incident that occurred on or about August 14, 2020 and which proximately caused serious and permanent injury to Plaintiff's person. The negligent acts and omissions of the Defendants COSTCO WHOLESALE CORPORATION, a California Corporation; and DOES 1 to 20, herein alleged took place in or about the City of Monterey Park, County of Los Angeles, State of California. Accordingly, venue within this judicial district is proper.

1

COMPLAINT

1     2.  At all times relevant herein, Plaintiff, PAULINE GASCA was and is an individual over the

2 age of 18 and a resident of the County of Los Angeles, State of California.

3     3.  Plaintiff is informed and believes and based upon such information and belief alleges that

4 at all times relevant herein, Defendant COSTCO WHOLESALE CORP (hereinafter "COSTCO"),

5 is a duly formed Corporation, authorized to do business in California, and doing business in the

6 County of Los Angeles, State of California.

7     4.  Plaintiff is informed and believes and based upon such information and belief alleges that

8 Defendants COSTCO and DOES 1 to 20, owned, managed, repaired, maintained and/or controlled

9 the property or was responsible for designing, constructing, maintaining, cleaning, repairing, or

10 managing the Costco market property located at 2000 Market Place Drive, Monterey Park,

11 California 91755 (hereafter "SUBJECT PREMISES").

12     5.  The true names and/or capacities, whether individual, corporate, associate or otherwise of

13 the Defendants DOES 1 to 20 are unknown to Plaintiff who therefore sues said Defendants by such

14 fictitious names pursuant to Code of Civil Procedure § 474.  Plaintiff is informed and believes and

15 thereon alleges that each of these Defendants fictitiously named herein as a DOE is legally

16 responsible, negligent or in some other actionable manner liable for the events and happenings

17 hereinafter referred to, and proximately and legally caused the injuries to Plaintiff as hereinafter

18 alleged.  Plaintiff will seek leave of the Court to amend this Complaint to insert the true names

19 and/or capacities of such fictitiously named Defendants when the same has been ascertained.

20     6.  Plaintiff is informed and believes, and based upon such information and belief alleges that

21 at all times relevant hereto, each Defendant, including DOES 1 to 20, was the owner, servant,

22 agent, joint-venturer, employee or employer of each of its co-Defendants, and in doing the acts

23 hereinafter mentioned, each Defendant was acting within the scope of its authority and with the

24 permission and consent of its co-Defendants, and each of them, and that said acts of each

25 Defendant was ratified by said Defendant's co-Defendants, and each of them and every Defendant,

26 as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every

27 other Defendant as an agent, employee and/or joint venturer.

28

1   7.  Plaintiff is informed and believes, and based upon such information and belief alleges that

2   all of the acts, conduct, and nonfeasance herein carried out by each and every representative,

3   employee or agent of each and every corporate or business defendant, were authorized, ordered,

4   and directed by the respective defendant's corporate or business employers, officers, directors

5   and/or managing agents; that in addition thereto, said corporate or business employers, officers,

6   directors and/or managing agents had advance knowledge of, authorized, and participated in the

7   herein described acts, conduct and nonfeasance of their representatives, employees, agents and

8   each of them; and that in addition thereto, upon the completion of the aforesaid acts, conduct and

9   nonfeasance of the employees and agents, the aforesaid corporate and business employers, officers,

10  directors and/or managing agents respectively ratified, accepted the benefits of, condoned and

11  approved of each and all of said acts, conduct or nonfeasance of their co-employees, employers,

12  and agents.  In addition, at all times herein relevant, each defendant, whether named herein or

13  designated as a DOE, was a principal, master, employer and joint venturer or every other

14  defendant, and every defendant was acting within the scope of said agency authority, employment

15  and joint venture.

16  8.  On or about August 14, 2020, Plaintiff was at the SUBJECT PREMISES. While using the

17  SUBJECT PREMISES in a reasonably foreseeable manner, Plaintiff was seriously injured when

18  she slipped on produce in the produce department causing her to fall to the floor, resulting in severe

19  injuries to Plaintiff. Accordingly, Plaintiff was severely injured as a direct result of a dangerous,

20  defective, defective, and unsafe conditions on Defendant's premises ("SUBJECT CONDITION").

21  ### FIRST CAUSE OF ACTION

22  ### NEGLIGENCE

23  ### *(Against All Defendants)*

24  9.  On the above date, Plaintiff was a patron of the Defendants COSTCO and DOES 1 TO 20

25  and was lawfully on the SUBJECT PREMISES at the time of the incident.

26  10. Defendants COSTCO and DOES 1 to 20, owed a duty of reasonable care toward Plaintiff

27  and others based upon Defendants' ownership of the property, their right to exercise control over

28

3

COMPLAINT

1  the premises, their management and maintenance of the property, their contractual obligations,
2  custom and practice in the industry, and the commission of affirmative acts that resulted in injury
3  to Plaintiff.

4      11. The duty Defendants COSTCO and DOES 1 to 20, owed to Plaintiff is based on Civil Code
5  § 1714(a) which mandates that everyone is responsible for injury occasioned to another by his or
6  her want of ordinary care or skill in the management of his/her/its property.

7      12. Defendants COSTCO and DOES 1 through 50 breached said duty when, individually and
8  by the acts of their agents and employees, they negligently, carelessly, and recklessly constructed,
9  inspected, maintained, contracted, subcontracted, supervised, controlled, engineered, handled, and
10  designed the SUBJECT PREMISES in such a way that the SUBJECT CONDITION was permitted
11  to exist on the SUBJECT PREMISES.

12      13. The SUBJECT PREMISES, including but not limited to the SUBJECT CONDITION, was
13  in a dangerous condition such that it posed an unreasonable risk of harm to others even when used
14  in a reasonably foreseeable manner.

15      14. Defendants COSTCO and DOES 1 to 20, were otherwise aware, or should have been
16  aware, of the dangerous nature of the SUBJECT CONDITION through prior inspections of the
17  SUBJECT PREMISES. Further, the SUBJECT CONDITION existed for a sufficient period of
18  time that Defendants had actual or constructive knowledge of the unsafe conditions.

19      15. Defendants COSTCO and DOES 1 to 20, performed acts that affirmatively contributed to
20  the creation of the unsafe conditions or otherwise failed to remediate such conditions. Such
21  conduct is affirmative in nature and created the dangerous condition leading to the injury of the
22  Plaintiff.

23      16. Defendants COSTCO and DOES 1 to 20, failed to perform reasonable periodic inspections
24  and failed to implement a system of reasonable periodic inspections of the SUBJECT PREMISES
25  to discover and remedy dangerous conditions on the SUBJECT PREMISES, such as the SUBJECT
26  CONDITION.

27  / / /
28

COMPLAINT

1     17. Defendants COSTCO and DOES 1 to 20 knew or in the exercise of reasonable care should

2 have known of the dangerous nature of the SUBJECT CONDITION and failed to warn foreseeable

3 users of the SUBJECT PREMISES of the SUBJECT CONDITION.

4     18. Defendants COSTCO and DOES 1 to 20 could have and should have prevented the subject

5 incident from occurring and that the costs associated with maintaining the SUBJECT PREMISES

6 in a safe condition would have been minimal.

7     19. As a direct, legal, and proximate result of the negligent acts and/or omissions of Defendants

8 COSTCO and DOES 1 to 20, Plaintiff suffered severe injuries and attendant damages.

9     20. As a direct, legal, and proximate result of the combined and concurrent wrongful

10 Defendants COSTCO and DOES 1 to 20.

11 **SECOND CAUSE OF ACTION**

12 **PREMISES LIABILITY**

13 *(Against all Defendants)*

14     21. Plaintiff incorporates herein by reference, as though fully set forth at length, each and

15 every allegation and statement contained in the preceding paragraphs, inclusive, of the General

16 Assertions and the First Cause of Action above.

17     22. On the above date, Plaintiff was a patron of the Defendants COSTCO and DOES 1 to 20

18 and was lawfully on the SUBJECT PREMISES at the time of the incident.

19     23. As an invitee and licensee of the premises, Defendants COSTCO and DOES 1 to 20 owed

20 a duty of reasonable care toward Plaintiff and others based upon Defendants' ownership,

21 possession, and operation of the subject premises where the injury-causing incident occurred.

22 Additionally, said duty is based on the requirements of Civil Code §1714 requiring all persons to

23 act in a reasonable manner toward others and on the requirements of *Rowland v. Christian* (1968)

24 69 Cal.2d 108 regarding liability of landowner for those on the premises.

25     24. While Plaintiff was using the SUBJECT PREMISES in a reasonably foreseeable manner,

26 Defendants COSTCO and DOES 1 to 20, so negligently and carelessly owned, operated,

27 supervised, cared for, inspected, handled, and maintained the SUBJECT PREMISES so as to

28

5

COMPLAINT

1    cause the SUBJECT CONDITION and, thereafter the subject incident, which resulted in the

2    Plaintiff being injured.

3        25. Defendants COSTCO and DOES 1 to 20 failed to use reasonable care to discover any

4    unsafe conditions and to repair, replace, remedy, or give adequate warning of anything that could

5    be reasonably expected to harm others.

6        26. The SUBJECT CONDITION created an unreasonable risk of harm to those using the

7    SUBJECT PREMISES in a reasonably foreseeable manner.

8        27. Defendants COSTCO and DOES 1 to 20 created, maintained, controlled, and allowed a

9    dangerous condition of the SUBJECT PREMISES to exist in the area where Plaintiff and others

10   were located, including but not limited to the SUBJECT CONDITION. Defendant COSTCO

11   and DOES 1 to 20, approved and oversaw the unsafe conditions existing at the time of the

12   subject incident.

13       28. At the time of the subject incident, the SUBJECT PREMISES was in a dangerous

14   condition due to the SUBJECT CONDITION, as it posed a serious risk of injury to foreseeable

15   users, including Plaintiff. The dangerous nature of the SUBJECT PREMISES was known to the

16   Defendants COSTCO and DOES 1 to 20, or in the exercise of reasonable care should have been

17   known to the Defendants COSTCO and DOES 1 to 20. However, the dangerous nature of the

18   SUBJECT PREMISES and/or the SUBJECT CONDITION was not known to the Plaintiff.

19       29. As a direct, legal, and proximate result of the negligent acts and/or omissions of

20   Defendants COSTCO and DOES 1 to 20, Plaintiff suffered severe injuries and attendant

21   damages.

22       30. As a direct, legal, and proximate result of the combined and concurrent wrongful acts of

23   the Defendants COSTCO and DOES 1 to 20.

24   / / /

25   / / /

26   / / /

27   / / /

28

6

COMPLAINT

1

## **PRAYER**

2       WHEREFORE, Plaintiff PAULINE GASCA prays for judgment against all Defendants

3   and each of them as follows:

4       1.      For general damages and pre-judgment interest at the legal rate from August 14,

5               2020;

6       2.      For special damages, including, but not limited to, the reasonable value of

7               Plaintiff's medical expenses incurred to date and in the future, according to proof;

8       3.      For loss of income, future earnings and earning capacity, according to proof;

9       4.      For costs of suit incurred herein; and

10      5.      For such other relief as the Court may deem just and proper.

11

12   Dated:  August 15, 2022                    **BAUMAN LAW APLC**

13

14

15                                       By:    S_____

16                                              Shaun Joseph Bauman, Esq.
                                                Attorneys for Plaintiff PAULINE GASCA

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

EXHIBIT B



10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Tel: 310.312.3300
Fax: 310.882.5444
www.jacobyandmeyers.com

Writer's Email Address:
mroshani@jacobyandmeyers.com

September 14, 2021

**VIA FACSIMILE**

Gallagher Bassett
Attn: Sachay O'neal
Facsimile: (630) 932-9111

> Our Client       :  Pauline Gasca
> Your Insured   :   Costo Wholesale
> Claim Number :  003632-589064-gb-01
> Date of Loss    :  8/14/2020
> File Number    :  204270

Dear Claims Adjuster:

As you are aware, our office represents Pauline Gasca who has a claim for personal injuries against your insured arising out of a personal injury incident which took place on 8/14/2020. Please accept this letter as a settlement demand concerning the above-referenced matter.  Enclosed herein please find any and all medical records and billings concerning the injuries sustained by our client.  Any and all statements made in this settlement demand are for the sole and exclusive purpose of settlement**.  (California Evidence Code §1152)**

## FACTUAL BACKGROUND

This action arises out of a personal injury incident which took place on  inside your insured's business premises located at 2000 Market Pl Dr. Monterey Park, CA 91755.  At that time and place, Pauline Gasca was walking and suddenly and unexpectedly she came in contact with a dangerous condition, causing her to slip and fall.

**Please note, there were no warning signs, cones or any indication that this dangerous condition existed on your insured's business premises.  Furthermore, the area where the dangerous condition was located was a primary walkway and your insured had a duty to provide adequate warning of the dangerous condition.  Based on California Case Law, your insured also had an affirmative duty to conduct reasonable inspections to discover, remedy and warn of this dangerous condition.**

60

Following this personal injury incident, Pauline Gasca immediately received medical treatment.

Attached here are the following Exhibits:

| Number: | Description: |
|---------|--------------|
| 1. | COVID-19 Protection for Policyholders from Unfair Settlement Practices |
| 2. | Injury Photos of Pauline Gasca |
| 3. | Phone Damage Photos |
| 4. | Medical Billing and Records for Pauline Gasca |
| | a. City of Monterey Park Fire Department & Ambulance |
| | b. Monterey Park Hospital Emergency Department |
| | c. Golden West Emergency Medical Associates |
| | d. Focus Medical Imaging |
| | e. Wellness 26 |
| | f. Precise Imaging |
| | g. F&M Radiology Medical Center |
| | h. Sere Business Consultants/Darren Bergey, MD |
| | i. Cerritos Surgery Center |
| | j. Anesthesia Bill |
| | k. DG Medical Imaging |
| | l. Onsyte Imaging |
| 5. | Loss of Earnings Documentation for Pauline Gasca (Pending) |

## **LIABILITY**

Based upon our evaluation and investigation of this matter, it is apparent that your insured was 100% responsible in causing the subject incident by failing to properly inspect their business premises, remedy and/or warn of the dangerous condition that caused my client to slip and fall. Your insured failed to take affirmative steps to alleviate the dangerous condition and violated their duty to maintain their business premises in a safe and reasonable manner.

The rule is well stated in **California Civil Code §1714** and cited by **Rowland v. Christian** (1968) 69 Cal.2d 108, wherein the court states in pertinent part:

> **"Everyone is responsible, not only for their willful acts, but also for injury occasioned to another by his want of ordinary care or skill in the management of his property."**

This California Civil Code violation raises a presumption of negligence under **California Evidence Code §669** which provides;

> **(a) The failure of a person to exercise due care is presumed if:**

> **(1) He violated a statute, ordinance, or regulation of a public**

61

**entity;**

**(2) The violation proximately caused death or injury to person or property;**

**(3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and**

**(4) The person suffering the death or injury to his person or property was one of the class of persons for whose protection the       statute, ordinance, or regulation was adopted.**

Our client was in the class of persons this statute was designed to protect. **California Civil Code §1714(a)** was designed to hold individuals liable for the results of their negligence.

The injuries suffered by Pauline Gasca are of the type this statute was designed to prevent. Our client suffered personal injuries as a direct and proximate result of the violation of this California Civil Code section.

The standard California Jury Instruction provides that if you decide that the defendant violated this law and that the violation was a substantial factor in bringing about the harm, then you must find that the defendant was negligent [unless you also find that the violation was excused].  If you find that the defendant did not violate this law or that the violation was not a substantial factor in bringing about the harm [or if you find the violation was excused], then you must still decide whether the defendant was negligent in light of the other instructions.  **(CACI 418.)   (See Evidence Code §669.)**   Therefore, a prima facie case of negligence has been established in this matter.

California cases have time and again awarded damages for injuries caused on business premises due to having actual notice or constructive notice of a dangerous or defective condition, or in the alternative, by failing to make adequate inspections. **Bridgman v. Safeway Stores** (1960) 53 Cal.2d 443, **Frazier v. Your-Way Market, Inc.** (1960) 185 Cal.App.2d 390.

The frequency of inspections and the time intervals between such inspections is an important consideration.  As an example, it has been held that a lack of inspection for a 15 minute period of time may be sufficient to infer negligence. **Hale v. Safeway Stores** (1954) 129 Cal.App.2d 124.  Other examples include **Scanton v. W.G. Graham Co.** (1959) 172 Cal.App.2d 89 (patron stepped on a spool of thread - no inspection for a period of 20 minutes), **Lewis v. Hackstrom Food Stores, Inc.** (1947) 87 Cal.App.2d 601 (patron slipped in a pool of syrup - no inspection for between 15 to 25 minutes).

Addressing the issue of actual/and or constructive notice of the dangerous condition is a recent California Supreme Court decision of ***Ortega v. K-Mart Corporation***.  The Court in **Ortega** concluded that evidence of the business owner's failure to inspect the business premises within a reasonable period of time is sufficient to allow an inference that the condition was on the floor

long enough to give the owner the opportunity to discover and remedy it. ***(Bridgmen v. Safeway Stores Incorporated),*** (1960)***, 53 Cal.2nd 443.*** The **Ortega Court** in defining the exercise of ordinary care by making reasonable inspections of the portions of the premises open to customers focused on the type of business and service being provided to its customers. The **Ortega Court** further stated, if the owner operates a self service grocery store, where customers are invited to inspect, remove, and replace goods on shelves, **"the exercise of ordinary care may require the owner to take greater precautions and make more frequent inspections then would otherwise be needed to safeguard against the possibility that such a customer will create a dangerous condition by disarranging the merchandise",** and creating potentially hazardous conditions.

The **Ortega Court** concluded that a plaintiff need not show actual knowledge where evidence suggest that a dangerous condition was present for a sufficient period of time to charge the owner with the constructive knowledge of its existence. Knowledge may be shown by **circumstantial evidence** "which is nothing more than one or more inferences  which may be set to arise reasonably from a series of proven facts".

The **Ortega Court** further opined that a plaintiff may demonstrate the store keeper had constructive notice of the dangerous condition if they can show that the site had not been inspected within a reasonable period of time so that a person exercising due care would have discovered and corrected the hazzard. **(Citing Bridgmen, supra, 53 Cal. 2nd 447).** If the plaintiffs can show an inspection was not made within a particular period of time prior to the accident, they may raise an inference the condition did exist long enough for the owner to have discovered it.

**The evidence clearly demonstrates your insured failed to adequately inspect their aisles or the surrounding area, post warning signs and/or remedy the dangerous condition. Based on the Ortega decision, knowledge of the dangerous condition will be established in this matter.**

In light of the above facts and law, it is clear that your insured did not exercise ordinary care in the management of their premises. Furthermore, your insured's failure to use ordinary care in the management of their premises is the direct and proximate cause of the personal injuries to Pauline Gasca's body.

Therefore, this settlement demand is based on our firm belief of no comparative fault on behalf of our client.

## INJURIES AND MEDICAL TREATMENT

The following is a detailed itemization of our Client's injuries and medical expenses:

- **Summary**
  - Ms. Pauline Gasca sustained a slip and fall accident at Costo Monterey Park where she slipped on a raspberry that was on floor and fell forward landing first on her knees then arm. She attempted to catch herself, but ultimately ended up falling with her legs split and landed on her buttocks and knees. She had immediate pain in her neck, both shoulders/arms, low back, and right knee. She was taken to Monterey Park Hospital by ambulance where she was evaluated and X-rays of the left forearm

and right knee was performed. On the same day, she presented to Dr. Ramin, Chiropractor, for an evaluation and was started on a course of chiropractic treatment five times per day. She was referred for an MRI scan of her neck and back. She followed up with Dr. Darren Bergey and underwent right knee platelet rich plasma injection on June 4, 2021. She also had a lumbar epidural steroid injection on December 18, 2020 and second injection on June 4, 2021. Ms. Pauline Gasca experienced an unexpected fall and thus suffered severe pain and injuries which debilitated her life significantly.

- **DIAGNOSES**
  - **Client was involved in a slip and fall accident at Costo Monterey Park where she slipped on a raspberry that was on floor and fell forward landing first on her knees then arm. Client fell in a split leg position and landed on her buttocks.**
  - **Client developed immediate pain in her neck, both shoulders/arms, low back and right knee**
  - **Right knee medial meniscus contusion with internal derangement.**
  - **Grade I-II signal seen in the body and posterior horn, medial meniscus of right knee.**
  - **Effusion seen within the patellofemoral space of the right knee.**
  - **Prepatellar soft tissue swelling seen of the right knee.**
  - **L4-L5 level, a 3.2 mm broad-based disk protrusion is seen impressing upon the anterior portion of the thecal sac with left greater than right lateral spinal and neural foraminal stenosis. The disk is impressing upon the exiting left greater than right L4 nerve roots.**
  - **L5-Sl level, a 2.8 mm broad-based disk protrusion seen impressing upon the anterior portion of the thecal sac with left greater than right lateral spinal and neural foraminal stenosis.**
  - **C4-C5 level, a 2.4 mm broad-based disk protrusion is seen impressing upon the anterior portion of the thecal sac with bilateral neural foraminal stenosis.**
  - **C5-C6 level, a 2.2 mm broad-based disk protrusion is seen impressing upon the anterior portion of the thecal sac with bilateral neural foraminal stenosis.**
  - **C6-C7 level, a 1.8 mm broad-based disk protrusion is seen impressing upon the anterior portion of the thecal sac with bilateral neural foraminal stenosis.**
  - **Left forearm contusion**
  - **Intermittent lumbar radiculopathy**
  - **Pain on the right side of back extending to her buttocks and into her right posterior thigh**
  - **Right leg radiculopathy.**
  - **Antalgic position of the neck and slight limping gait was noted due to the pain**
  - Spinal enthesopathy, multiple sites in spine
  - Lumbar spine sprain/strain
  - Left shoulder sprain/strain
  - Left elbow sprain/strain

64

- Left forearm sprain/strain
- Right knee sprain/strain
- Cervical sprain/strain
- Neck pain
- Low back pain
- Left shoulder/arm pain
- Cervical muscle spasm
- Cervical myalgia
- Segmental somatic dysfunction cervical
- Segmental somatic dysfunction lumbar
- Right SI joint dysfunction
- Left forearm pain
- Right side lower back pain

- **Procedure**
    - On 2/19/2021, Client underwent L5-S1 interlaminar epidural steroid injection by Dr. Darren Bergey.
    - On 06/04/2021, Client received right L4-L5, L5-S 1 transforaminal epidural steroid, right L4-L5, right LS-S1 epidurogram under C-arm fluoroscopy Dr. Darren Bergey.
    - On 6/4/2021, Client received right knee platelet rich plasma injection by Dr. Darren Bergey.

- **EXPENSES/BILLS**

| | | |
|---|---|---|
| (1) City of Monterey Park Fire Department & Ambulance | $2,718.42 |
| (2) Monterey Park Hospital Emergency Department | $2,985.00 |
| (3) Golden West Emergency Medical Association | $813.00 |
| (4) Focus Medical Imaging | $53.00 |
| (5) Wellness 26 | $3,915.00 |
| (6) Precise Imaging | $600.00 |
| (7) F&M Radiology Medical Center | $4,200.00 |
| (8) Sere Business Consultants/Darren Bergey, MD | $12,926.00 |
| (9) Cerritos Surgery Center | $22,500.00 |
| (10)    Anesthesia Bill | $2,800.00 |
| (11)    DG Medical Imaging | $3,000.00 |
| (12)    Onsyte Imaging | $1950.00 |

       **TOTAL MEDICAL BILLS**       **$58,460.42**

- **Past Pain and Suffering**       **$177,000.00**

- **Future Pain and Suffering**       **$20,000.00**

- **Loss of Earnings**

| | |
|---|---|
| ▪ County of LA Department | $Pending |
| • Phone Damage | $1040.24 |

**Total Damages Suffered by**                               **$256,500.66**
                                                                         **(Not a Final Amount)**

## <u>SETTLEMENT DEMAND</u>

We are at this point willing and authorized to settle the entirety of the action against your insured for **<u>$190,000.00</u>**.  Payment would be in exchange for a full release of all claims and potential claims against your insured arising out of this case by Pauline Gasca.

Our offer of settlement as set forth herein shall remain open until **<u>SEPTEMBER 29, 2021</u>**, at which time it will be withdrawn and not renewed.  In the meantime, we request that you provide a copy of this letter to your insured post haste and advise your insured of their right to secure their own outside counsel.

Many thanks in advance for your anticipated cooperation.


Very truly yours,
Jacoby & Meyers Attorneys LLP


/s/
Maya Roshani, Esq.
Attorney at Law


Enclosures

cc:    Pauline Gasca file

66

# EXHIBIT C

1  JOHN K. FLOCK ESQ. (SBN 200183)
   THARPE & HOWELL, LLP
2  15250 Ventura Blvd., Ninth Floor
   Sherman Oaks, California 91403
3  (818) 205-9955; (818) 205-9944 fax
   Email: jflock@tharpe-howell.com
4
   Attorneys for Defendant,
5  COSTCO WHOLESALE CORPORATION

6

7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9      **COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE**

10

11 PAULINE GASCA,                        Case No. 22STCV26383

12              Plaintiff,
                                         **NOTICE OF REMOVALTO**
13 v.                                    **FEDERAL COURT**

14 COSTCO WHOLESALE
   CORPORATION, and DOES 1 to 20,
15
                Defendants.
16

17

18

19        TO PLAINTIFF PAULINE GASCA AND HER ATTORNEYS OF RECORD:

20        PLEASE TAKE NOTICE THAT Defendant, Costco Wholesale Corporation

21 ("Defendant") has filed a Notice of Removal of this action in the United States District

22 Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §

23 1332, 1334, 1441, 1446, and 1452, and as otherwise provided by law.

24        A true and correct copy of said Notice of Removal is attached to this notice and

25 incorporated herein by this reference as Exhibit "A", and is served and filed herewith.

26 / / /

27 / / /

28 / / /

Dated:  September 2, 2022

THARPE & HOWELL, LLP

By: _____

JOHN K. FLOCK
Attorneys for Defendant,
COSTCO WHOLESALE
CORPORATION

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF REMOVAL TO FEDERAL COURT**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.  At the time of service I was at least 18 years of age and **not a party to this legal action.**

2.  My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.  I served copies of the following documents (specify the exact title of each document served):

## NOTICE OF REMOVAL TO FEDERAL COURT

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Shaun Bauman, Esq.<br>BAUMAN LAW, APLC<br>24003A Ventura Blvd., 2nd Floor<br>Calabasas, CA 91302<br>(818) 285-0222 Phone<br>(818) 285-0224 Fax<br>info@thela-lawyer.com | Attorneys for Plaintiff<br>Pauline Gasca |

5.  a. ___ **By personal service**.  I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

    b. ___ **By United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

    (1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

    (2) ___ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ___ **By overnight delivery.**  I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ___ **By messenger service.**  I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ___ **By fax transmission.**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4.  No error was reported by the fax machine that I used.  A copy of the fax transmission, which I printed out, is attached to my file copy.

f. **X** **By e-mail or electronic transmission.**  Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4.  I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.  I served the documents by the means described in item 5 on *(date): see below*

[ x ]   (FEDERAL):   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

 9/2/2022        Candice VanDeudekom
 Date          (Type or Print Name)              (Signature of Declarant)

I:\33000-000\33110\Pleadings\FEDERAL\Notice of Removal.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 4 -
**NOTICE OF REMOVAL TO FEDERAL COURT**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Shaun Bauman, Esq.<br>BAUMAN LAW, APLC<br>24003A Ventura Blvd., 2nd Floor<br>Calabasas, CA 91302<br>(818) 285-0222 Phone<br>(818) 285-0224 Fax<br>info@thela-lawyer.com | Attorneys for Plaintiff<br>Pauline Gasca |

5. a. ____ **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

b. ____ **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

(1) ____ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

(2) ____ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. _____ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. _____ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. _____ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f. **X** **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date): see below*

[ x ]   (FEDERAL):   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

 9/2/2022 \_\_\_\_\_   Candice VanDeudekom\_\_\_   _____
 Date          (Type or Print Name)          (Signature of Declarant)

I:\33000-000\33110\Pleadings\FEDERAL\Notice of Removal-Diversity.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221